Garni, J. (dissenting).
I respectfully dissent and would reverse the judgment and grant a new trial. I agree with defendant that County Court erred in failing to admit in evidence the transcript of the plea colloquy of defendant’s accomplice and a letter written by that accomplice, both of which contained statements exonerating defendant for the crimes herein. Inasmuch as those items are exculpatory, they “are subject to a more lenient standard, and will be found ‘sufficient if [the supportive evidence] establishes] a reasonable possibility that the statement^ therein] might be true’ ” (People v Deacon, 96 AD3d 965, 968 [2012], appeal dismissed 20 NY3d 1046 [2013], quoting People v Settles, 46 NY2d 154, 169-170 [1978]). In my view, the accomplice’s declarations against his penal interest were supported by evidence establishing a reasonable possibility that they might be true, and the court therefore erred in refusing to admit them in evidence (see People v McFarland, 108 AD3d 1121, 1122 [2013]). Further, the exclusion of those statements infringed on defendant’s weighty interest in presenting exculpatory evidence, thus depriving him of a fair trial (see Chambers v Mississippi, 410 US 284, 302-303 [1973]; People v Oxley, 64 AD3d 1078, 1084 [2009], lv denied 13 NY3d 941 [2010]). Because the evidence of third-party culpability was improperly excluded, I conclude that defendant is entitled to a new trial (see Oxley, 64 AD3d at 1084). Present — Smith, J.P., Fahey, Garni, Valentino and Whalen, JJ.